### 7961. PORTER *v.* THE STATE.

LUKE, J. All who procure, counsel, command, aid, or abet the commission of a misdemeanor are treated by the law as principal offenders; and under an indictment for driving an automobile of another without the consent of the owner, a passenger who cranks the car up and tells another to drive it, and knows that it is being driven without the owner's consent, in violation of law, may be convicted. Accordingly, in this case the court did not err in charging the jury as follows: "I charge you further, that if this defendant entered into an understanding or agreement with another or with others to take this car, and under that agreement they took it and drove it without the consent and without the authority of the owner, he would be guilty. It does not make any difference whether he actually drove the car himself or not; but if he was present and aided or abetted or directed or procured another to run it, then the other's act would be his, and he would be liable, al-

29

though he didn't actually operate the car himself; but if he procured another to run it, or operate it, then the other's act would become his act and both would be jointly liable as principals in this case."

<i>Judgment affirmed. Wade, C. J., and George, J., concur.</i>

DECIDED MARCH 13, 1917.

Accusation of misdemeanor; from city court of Madison—Judge Anderson. October 23, 1916.

*Williford & Lambert,* for plaintiff in error.

*A. G. Foster, solicitor,* contra.

<i>Judgment affirmed. Wade, C. J., and George, J., concur.</i>