KAYLOR *v.* KAYLOR *et al.,* administrators.

Nò. 15206.  JULY 3, 1945.

*Earl Staples* and *Willis Smith,* for plaintiff.

*Boykin & Boykin,* for defendants.

JENKINS, Presiding Justice.  The syllabus deals with all the special assignments of error which have not been expressly abandoned, or which have been insisted on either generally or by argument of counsel.  Only the ruling in the 5th division of the syllabus, relating to the general grounds, would seem to need elaboration.  The judge charged, and counsel on both sides con-

ceded at the trial and in their briefs, that the only point in controversy is whether an item of $1554.27 should be charged against the plaintiff in error as an advancement. The plaintiff in error disputes this item altogether, but contends, and correctly so, that if it be taken as an account it is barred by the statute of limitations. He admits what he calls an account against him in the sum of $2483.46, which he says is barred by the statute of limitations. This item, together with other items against other children, was apparently taken from the ledger, and according to the administrator's evidence was pinned to the will book by him after the father's death. As stated, however, this item is not claimed against the plaintiff in error as an advancement. The brief of evidence apparently conforms sufficiently to the rule as to briefing, and contains the evidence as adduced at the trial; but it has been difficult to determine from the record just what was or was not proved with respect to the $1554.27 item in dispute. It appears that the decedent kept four different books, a "ledger," a "bank book," an "invoice book," and a book which the evidence speaks of as a "will book." In the testimony there are repeated references to papers or transcripts from these books, and there is in evidence what appears to be transcripts taken from one or another of them. The testimony might easily have been clear enough to the jury, but there are in the brief of evidence no less than fifty references to books, papers, or transcripts, without indicating just what book or paper was referred to, or without any effort at identification other than by a statement by the interrogator such as "this book" or "this paper," "indicating it," which is in no way indicated in the record. The plaintiff in error says in his brief that the $1554.27 item is not embraced in the will book made by the decedent, and this appears to be correct, as evidenced by the transcript therefrom embodied in the record. He also says that in point of fact no items other than several $150 items were in fact charged on the will book, and this is in no way disputed by the defendant in error, and may be correct; but what purports to be a transcript from the will book as embodied in the record shows other and different large items to the various children, including what may be the item referred to as $2484, as follows: "J. M. Kaylor 5/29 Act on 1930 book $2483.46." But, as already indicated, the evidence of the administrator seems to indicate that these items were

pinned into the will book by him after the death of the father, and as has been stated, this item is not claimed to be an advancement. The $1554.27 item in controversy appears on a transcript apparently taken from the "ledger" or "invoice book." It is headed, "Invoice of stock of J. M. Kaylor Jan 6, 1931." The last item on this transcript is as follows: "1/1 1931 due J. L. Kaylor stock & money 1554.27." The administrator in his testimony swore that the other items on the ledger, as embraced on the invoice sheet were in the handwriting of the *decedent*, J. L. Kaylor, and that the plaintiff in error, J. M. Kaylor, had admitted to him that he (plaintiff in error) had added it to the invoice after his father's death, and that he owed that amount. This evidence by the administrator was more or less weakened on cross-examination, and is disputed by the plaintiff in error. The evidence is in conflict as to how the lumber business was operated for a year or more prior to the father's death in 1932. The defendant in error claims that the invoice was dated at the time that J. M. Kaylor, the plaintiff in error, took over the business from his father; while the plaintiff in error, J. M. Kaylor, contends that he was then operating it for his father on commission. It would seem that the evidence for the defendant in error (though disputed) might be sufficient to establish by the admission of the plaintiff in error that the $1554.27 was a proper charge. But is it sufficient to show that it constituted an advancement? The only proof of this disputed item is the proved admission of the plaintiff in error that he entered it on the invoice sheet and that he owed it. The item does not indicate itself to be an advancement, but a sum "due" for stock and money; nor is it contended that the plaintiff in error admitted it as an advancement. While it is the duty of the movant to show error, and where a case is brought to this court upon "a confused and mixed record, any inability to decipher the questions made must fall upon the plaintiff in error" (*Simpson* v. *McBride,* 78 *Ga.* 297; *Beavers* v. *Mabry,* 195 *Ga.* 169, 173, 23 S. E. 2d, 672), there appears to have been no proof submitted that the item, established only by the alleged admission of J. M. Kaylor that he owed that much on account, went to him as an advancement. There are decisions to the effect that "a gift of property by a father to his adult son who is married and does not live under the parental roof is presumed to be an advancement." *Neal* v. *Neal,*

153 *Ga.* 44 (3) (111 S. E. 387) ; Code, § 113-1013. Here, however, there was no proof that the plaintiff in error received the disputed item while "under the parental roof, although past majority," as provided in the above Code section. Since the only proof of the item is an alleged but disputed admission by J. M. Kaylor, the plaintiff in error, as an account which was due his deceased father, which is manifestly barred if treated as an account, and since the record contains no evidence going to show that he received it as an advancement, although omitted from the memorandum of advancements as made by the father, which the jury had the right to consider as a circumstance to the contrary, and since no foundation was laid such as might authorize a presumption that it was an advancement, the verdict appears to be unsupported by evidence. The only treatment of the general grounds in the brief of the defendant in error is as follows: "It is manifest that it was the intention of the testator that such gifts be applied to reduction of each child's general legacy, and therefore it was in the nature of an advancement. It is obvious in the reading of the will that the testator makes provisions for such advancements, and they were to be so treated as advancements, as it plainly and manifestly appears from the terms of the will." On another trial, the jury may, if it decides that the plaintiff in error received the amount in controversy, consider all the evidence then placed before it on the question of the nature and character of such payment. If evidence should be adduced such as would establish a presumption in favor of an advancement, such presumption not being conclusive, they could still consider any proved relevant fact and circumstance both for and against the truth of such a presumption.

*Judgment reversed. Bell, C. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*