## 44294. ROBINSON v. THE STATE.

EBERHARDT, Judge. The defendant was convicted of possession of nontax-paid liquor. He appeals from the judgment of conviction and enumerates as error the denial of his motion for new trial, as amended. See *Tiller v. State*, 224 Ga. 645 (164 SE2d 137). *Held:*

1. The general grounds are without merit.

2. In the course of his argument to the jury the solicitor asserted that if the defendant did not own the illegal whiskey found on the premises where he lived (stashed in an old car body in the weeds back of his house) but knowingly permitted somebody else to keep it there, he would nevertheless be guilty. Defendant moved for a mistrial, which the court denied. We find no error. *Porter v. State*, 19 Ga. App. 449 (91 SE 876); *Strickland v. State*, 9 Ga. App. 201 (70 SE 990).

3. The court refused to give a written request by the defendant that the jury be instructed that "it must be shown that the accused knowingly had, possessed, or controlled intoxicating liquor. . . 'Knowledge on the part of the accused is . . . an indispensable element of a provable case. That it may be drawn from circumstances that reasonably induce a belief in its existence is indisputable. . . It is equally true that it can not be inferred from suspicious circumstances alone.' " The request was taken from *Rhoddenberry v. State*, 50 Ga. App. 378 (178 SE 170). It was a proper statement of the law and refusal to give it was error since we do not find it covered by the general charge. Cf. *Biddy v. State*, 22 Ga. App. 784 (97 SE 196); *Lacount v. State*, 25 Ga. App. 767 (104 SE 920).

4. There is exception to a portion of the charge that "As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case, both direct and circumstantial," on the ground that in a criminal case the invariable standard to be applied for conviction is that the jury find *beyond a reasonable doubt* that the defendant committed the offense.

While in other portions of the charge the court did make clear that the jury must find beyond a reasonable doubt that the defendant was guilty of the offense charged in order to convict, yet the charge excepted to might well have misled the

jury into convicting on the basis of a preponderance of the evidence. The attention of the court was called to the matter at the close of the charge, but the court allowed the charge to stand as made. This was error. *State Hwy. Dept v. Handley,* 114 Ga. App. 124 (1) (150 SE2d 316); *Crane v. Doolittle,* 115 Ga. App. 309 (3) (154 SE2d 634). Further, the judge having failed to correct the error, the jury was left to choose between the conflicting charges, which should not be done. *Bryant v. State,* 191 Ga. 686, 719 (13) (13 SE2d 820).

*Judgment reversed and case remanded for a new trial. Bell, P. J., and Deen, J., concur.*

SUBMITTED MARCH 4, 1969—DECIDED APRIL 7, 1969.

*Harl C. Duffey, Jr.,* for appellant.

*F. Larry Salmon, District Attorney,* for appellee.