## 50289. HENDERSON v. THE STATE.

CLARK, Judge.

Roosevelt Henderson appeals from the overruling of his motion for a new trial following his conviction of theft by receiving stolen property. Appellant was tried on a two-count indictment and was found innocent of the first count which charged him with burglary. He was found guilty on the second count which was the stolen goods charge.

On March 15, 1974, the Jeans Now Shop, located in Albany, Dougherty County, was burglarized and items of clothing were stolen from the establishment. Most of this merchandise was recovered in Atlanta, after appellant and a companion attempted to sell the clothes to an undercover police officer posing as a buyer for a retail clothing store. *Held:*

1. Error is asserted on the basis of the trial court's refusal to grant a directed verdict on the burglary charge. Since the jury subsequently acquitted appellant of this charge, any error in this respect must be deemed harmless. "Injury as well as error must be shown before a new trial will be granted." *Goodwyne v. State,* 38 Ga. App. 183 (8) (143 SE2d 443); *Christian v. State,* 41 Ga. App. 565, 566 (153 SE 780). Appellant has failed to show how he was harmed by the overruling of his directed verdict motion. The trial court correctly overruled appellant's motion for a new trial on this ground.

2. Since the verdict was amply supported by the trial record, appellant's enumerations of error on general grounds are without merit. "After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every

presumption and inference is in favor of the verdict." *Townsend v. State,* 127 Ga. App. 797, 800 (195 SE2d 474); *Bell v. State,* 21 Ga. App. 788 (95 SE 270).

3. Appellant further contends that the state failed to meet its burden of proving venue in Dougherty County. In prosecutions for theft by receiving stolen property, the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft." Code Ann. § 26-1811. Thus, the issue presented is whether the state produced sufficient evidence from which the jury might conclude that appellant "exercised control" over the stolen clothing in Dougherty County.

Appellant testified he was at his home in Dougherty County at the time of the burglary. (T. 102). The next day, he and a companion drove from Albany to Atlanta. (T. 105). At the time of his arrest, the car which he had occupied since Albany was filled with clothing stolen from the Albany store. (T. 114). Some of this clothing was conspicuously bundled in the back seat of the car. (T. 40). From the evidence, the jury could properly conclude that the appellant exercised control over the goods while he and the goods were in Dougherty County.

In this respect as to proof of venue appellant further asserts that the evidence regarding venue was circumstantial and therefore insufficient, since it failed to exclude all inconsistent hypotheses. "It is not necessary, however, in order to sustain a verdict of conviction, that the evidence exclude every possibility or every inference that may be drawn from the proved facts, but only necessary to exclude reasonable inferences and reasonable hypotheses. *Wrisper v. State,* 193 Ga. 157, 164 (17 SE2d 714), and cases there cited." *Dunson v. State,* 202 Ga. 515, 521 (43 SE2d 504). "Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no real yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors." *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647). Appellant's enumeration of error is

without merit.

4. Appellant also enumerates error in that portion of the charge dealing with venue. It is asserted that the court failed to instruct the jury specifically that, in order to find the defendant guilty, it must believe, beyond a reasonable doubt, that the defendant exercised control over the stolen goods in Dougherty County. The court did charge the jury as follows: "A person commits theft by receiving stolen property when he receives, disposes of or retains stolen property in Dougherty County, which he knows or should know was stolen... Receiving means acquiring possession or control or lending on the security of the property." (T. 131). In addition, the indictment alleged that the offense was committed in Dougherty County and that the accused "did then and there receive from an unknown person stolen property." As to the averments contained in the indictment, the court charged: "The Defendant's plea of not guilty challenges and denies every material allegation in the indictment and I charge you, before the State is entitled to a verdict of conviction of the Defendant at your hands, the burden is upon the State of proving the Defendant's guilt, as charged, beyond a reasonable doubt." (T. 128).

"It is not incumbent on a trial judge, after distinctly informing the jury that the accused is charged with having committed the offense in question in the county named in the indictment, that he pleads 'not guilty,' and that this makes the issue to be tried, to state, in connection with each legal proposition laid down for the guidance of the jury, that it must appear that the offense was committed in that county." *Keys v. State,* 112 Ga. 392 (3) (37 SE 762). It is our opinion that the court's charge on the subject of venue was sufficiently clear and that a jury of average intelligence would understand from this charge that in order to convict, they would have to believe beyond a reasonable doubt that the defendant possessed the stolen goods in Dougherty County. *Denmark v. State,* 44 Ga. App. 157, 162 (3) (161 SE 286).

5. Appellant enumerates error in the concluding portion of the court's charge, which was as follows: "Now, the Defendant contends he is not guilty of any offense whatsoever. He contends that the State has utterly and

completely and totally failed to prove his guilt under any laws of the State of Georgia. He contends he was not present when the offense was committed, if it was committed, and that he never had any criminal intention whatsoever. If, from a consideration of the evidence or from a lack of the evidence or from a conflict in the evidence, you believe the contentions of the Defendant to be the truth of the matter, then you would return a verdict of not guilty, in which event, the form of your verdict would be: We, the jury, find the Defendant not guilty on Count One or We, the Jury, find the Defendant not guilty on Count Two." (T. 135).

At the conclusion of the charge, defense counsel promptly brought his exception to the charge to the court's attention. Counsel noted that while a proper charge on the state's burden of proof had previously been given, "it would appear that the Jury at the last minute has been instructed that there is a burden on the Defendant to prove. . . his contentions and there is no burden on the Defendant; the burden is on the State to prove its case beyond a reasonable doubt and we submit that the Jury should be brought back in and instructed that there is not a burden on the Defendant, but the burden of proof is on the State." (T. 137, 138). The court refused to give the corrective charge.

The charge complained of is a misleading and erroneous statement of law. In essence, it instructs the jury to return a verdict of not guilty if the jurors believe the "contentions of the Defendant to be the truth." This portion of the charge erroneously places an impermissible burden upon a criminal defendant to prove his innocence. While earlier portions of the charge were without error, this section tended to contradict previously express-ed legal principles. In addition, some of the stated "contentions" are also incorrect. For example, a defendant does not contend that he is not guilty of "any offense whatsoever," but that he is not guilty of the offenses charged in the indictment. Similarly, a defendant does not contend that the state has "utterly and completely and totally failed to prove his guilt," but only that the state has failed to prove his guilt beyond a reasonable doubt.

The language objected to could only confuse the jury. The obvious implication of this portion of the charge is that the jury would have to believe the defendant's contentions in order to return a verdict of not guilty. This ignores the burden which the law places upon the state and overlooks the possibility that the jury may disbelieve the defendant and still acquit him on the basis of the state's failure to prove its case beyond a reasonable doubt.

The court's charge may well have misled the jury to convict on a standard which was less stringent than "beyond a reasonable doubt." The court's refusal to correct this charge was therefore error. *Robinson v. State,* 119 Ga. App. 536 (167 SE2d 677). The excepted portion of the court's charge was related to the form of the verdict and was the last instruction given; thus, it could easily have stood out in the jury's mind. *State Hwy. Dept. v. Handley,* 114 Ga. App. 124 (150 SE2d 316). "While the court in several other portions of the charge clearly placed the burden on the State to prove the guilt of the accused beyond a reasonable doubt, it cannot be said that the charge complained of was not confusing and misleading to the jury and therefore harmful error. Where the jury is 'left to pick and choose between the incorrect principle and the correct principle, an assignment of error on the incorrect portion of the charge is meritorious.' [Cit.]" *George v. State,* 103 Ga. App. 598, 600 (120 SE2d 55).

6. Appellant contends that his sentencing should have been conducted by the jury, rather than the trial judge. Appellant recognizes that the Act of 1974 (Ga. L. 1974, p. 352) provides for sentencing by the judge and that the effective date of this statutory provision was July 1, 1974. Appellant argues, however, that the statute applies to offenses committed after July 1, 1974, rather than to trials conducted after that date. Our Supreme Court has ruled to the contrary. *Cofer v. Hopper,* 233 Ga. 155, 157 (4) (210 SE2d 678); *Jones v. State,* 233 Ga. 662 (2) (212 SE2d 832).

7. Appellant argues that the court's imposition of a six-year sentence was an abuse of discretion. This is without merit as this sentence is within the limits prescribed for this offense by Code Ann. § 26-1812 (a).

8. Appellant's remaining enumerations of error are

without merit.

*Judgment reversed and case remanded for a new trial. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MARCH 10, 1975 — DECIDED MAY 28, 1975.

*Perry, Walters, Lippitt & Custer, James E. Reynolds, Jr.,* for appellant.

*William S. Lee, District Attorney,* for appellee.