## 51155. GRAHAM v. THE STATE.

CLARK, Judge.

Defendant was indicted for the offense of voluntary manslaughter in that he shot and killed Jerry Timms, "as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passions in a reasonable person." (T. 4). At his jury trial, defendant contended that he was justified in the shooting. He also asserted that the killing was the unintended result of an accident. The jury returned a verdict of guilty. Defendant appeals from the court's judgment entered upon that verdict, limiting his single enumeration of error to a segment of the court's charge.

The portion of the charge at issue here reads as follows: "Now the defendant contends, gentlemen, he is not guilty of the offense of voluntary manslaughter or any other crime. He contends the state has not proven his guilt to a reasonable and moral certainty and beyond a reasonable doubt. He contends that the killing was justifiable under the law and that it was due to misfortune or accident. If from a consideration of the evidence or from a lack of evidence or a conflict in the evidence, you believe these contentions of the Defendant to be the truth of the

case or if you believe either of these contentions of the Defendant to be the truth of the case, then you should acquit him. The form of your verdict would be: 'We, the Jury, find the defendant not guilty.' "

In reviewing a similar charge in *Henderson v. State,* 134 Ga. App. 898, 902 (5) (216 SE2d 696) we stated: "The language objected to could only confuse the jury. The obvious implication of this portion of the charge is that the jury would have to believe the defendant's contentions in order to return a verdict of not guilty. This ignores the burden which the law places upon the state and overlooks the possibility that the jury may disbelieve the defendant and still acquit him on the basis of the state's failure to prove its case beyond a reasonable doubt."

The state attempts to distinguish *Henderson* by pointing to certain differences in language employed in these two charges. While we agree that the verbiage in *Henderson* is more objectionable than that contained herein, nevertheless the similarity of the two instructions cannot be ignored. Neither utilized clear language to instruct the jury to acquit if the raised defenses created a reasonable doubt as to defendant's guilt. Both charges imply that the defenses presented at trial must be believed in order for the jury to acquit. And both instructions were tied to the form of the jury's verdict and given near the completion of the whole charge, only moments before the jury was to begin its deliberations.

Of course, the jury had a duty to acquit the defendant if they believed that he was justified. In fact, our Supreme Court ruled in *Witt v. State,* 231 Ga. 4 (200 SE2d 112) that an instruction to this effect was required. However, in *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) the Supreme Court overruled its *Witt* decision, stating in part at page 610: "The jury has a duty to acquit whenever the state has failed to make out its complete case. It was not necessary for the jury to find the defendant justified in order to have a duty to acquit him, and it is not necessary for the court to give them such a redundant instruction. *Moreover, such a charge might erroneously lead the jury to conclude that their duty to acquit was limited by the instruction on justifiable homicide.*" (Emphasis supplied.)

The potential dangers recognized in *Lavender* have

risen here to the level of prejudicial error. Not only does the instruction tend to limit the verdict of acquittal to the jurors' belief of the accused's defenses; it also implies a greater burden on the defendant by equating his defenses with his "contentions." As the defendant was being tried for voluntary manslaughter rather than perjury, the truth of his contentions are material only to the extent that they may create a reasonable doubt as to his guilt. The instruction here is a misleading and erroneous statement of the law, necessitating a new trial. See *Henderson v. State,* 134 Ga. App. 898, supra.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

Submitted September 4, 1975 — Decided September 25, 1975.

*J. Cleve Miller,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.