## 51019. BURNS v. THE STATE.

EVANS, Judge.

Defendant was convicted of aggravated battery in shooting the victim in the leg and causing its amputation. He was sentenced to serve a sentence of ten years in prison. Defendant appeals. *Held:*

1. Defendant admitted shooting the victim with a .410 shotgun, but contended he was justified, being in fear of his life. The evidence was in conflict as to whether or not the defendant was justified in shooting the victim in the leg. Defendant contends the state's witnesses were impeached and his were unimpeached; hence, the verdict was contrary to evidence and the evidence was insufficient to support the verdict. But questions of credibility and impeachment are for jury determination and there was evidence to support the findings of guilty. Code §§ 38-1805, 38-1806; *Cook v. State,* 13 Ga. App. 308 (3) (79 SE 87); *Hagin v. Rogers,* 17 Ga. App. 515 (87 SE 769); *Hawkins v. State,* 20 Ga. App. 179 (1) (92 SE 958). There is no merit in this enumeration of error.

2. After the shooting, the defendant fled the scene. He admitted he left the scene but offered testimony to

explain his reasons. There was sufficient evidence to support the charge by the court on flight.

3. The court correctly charged on the contentions of the defendant as to justification, but then added that defendant contends: "he has not done anything wrong and that he has not committed any offense against the State." In thus charging the jury, the court placed a greater burden upon the defendant than that of defending himself against the charge of aggravated battery.

The state had the burden of proving beyond a reasonable doubt that defendant was guilty of aggravated battery. Defendant had no burden whatever of proving himself not guilty. Under the quoted charge, the jury could have convicted defendant if they believed from the evidence that he had: 1. Done anything wrong. 2. Committed any offense (whether aggravated assault or some other offense) against the state. See *Henderson v. State,* 134 Ga. App. 898 (216 SE2d 696).

4. An erroneous charge is presumed to be harmful as a matter of law unless it appears to have no effect upon the result of the trial. See *Rogers v. Johnson,* 94 Ga. App. 666, 682 (96 SE2d 285); *Midland Properties Co. v. Kennedy,* 100 Ga. App. 37, 38 (110 SE2d 120).

5. For the reasons stated, a new trial in this case will be necessary.

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED SEPTEMBER 9, 1975 — DECIDED SEPTEMBER 26, 1975.

*Durden, Durden & Allen, Rodney L. Allen,* for appellant.

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellee.