## 50615. BRADEN v. THE STATE.

MARSHALL, Judge.

Appellant was indicted for possession of heroin and marijuana. He was acquitted of the marijuana count but convicted and sentenced to three years and a $1,000 fine on the heroin count. On appeal, he enumerates 13 errors dealing with (1) sufficiency of the circumstantial evidence, (2) validity of a search warrant, (3) the admission of hearsay testimony, (4) the chain of custody of the heroin, and admissibility of a lab report, and (5) alleged errors in charges given and failure to give other charges to the jury by the trial court. *Held:*

1. Enumerations of error 1, 2, 3 and 5 deal with the sufficiency of the evidence to support the conviction of heroin possession. At the trial, policemen for the Albany Police Department testified that they had received information from a confidential source that heroin was "being dealt" out of room 362 of a named motel in Albany. The officers determined from the motel registry that the

appellant was registered in that room. While two officers "staked out" the room, another officer went to obtain a search warrant. Appellant was observed coming out of room 362 and walking to his car. The two officers detained him until the other officer returned with the warrant. While being detained, appellant appeared nervous and apprehensive and frequently looked up to the room. Upon the arrival of the officer with the search warrant, appellant was led back to room 362, where he knocked on the door. He was greeted by a nude female, Ann Mae Murphy, a co-defendant, who immediately dressed and admitted the defendant and the police officers. As a result of the search of the room, the police officers discovered a vial of heroin in Miss Murphy's pocketbook and an envelope box containing 210 glassine bags of heroin inside the box springs of the bed mattress. There was male clothing hanging in a travel bag inside the closet.

Miss Murphy plead guilty to the charge of possession of heroin and testified for the appellant at his trial. She stated that she obtained the box containing the heroin from her boyfriend in Atlanta; that she took the box and caught a bus to Tifton, Georgia, where she happened to meet appellant, a prior acquaintance of hers; that he agreed to give her a ride to Albany, Georgia, where he would buy her a bus ticket back to Atlanta; that he told her that he was having some clothes made for him in Albany, and that after he picked them up he was going to Miami; that he took her to the motel and then left to see about his clothes; that she hid the box in the bed "because I didn't want Mr. Rossi [Braden, the appellant] to know that I had anything"; that she never told him she had the heroin and as far as she knew he did not know about it.

Appellant's testimony was to the same effect as Miss Murphy's. Another defense witness, a tailor in Albany verified appellant's visit to his tailor shop on the day in question. *Held:*

The conviction here rests solely on circumstantial evidence. It has been held many times that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Gee*

*v. State,* 121 Ga. App. 41 (172 SE2d 480). This rule applies here for all that the state has shown is that heroin was found in a motel room of the defendant which he shared with another person and that other person admitted to the sole and exclusive possession of this prohibited drug. The testimony of the other person furnishes a reasonable explanation of its presence and there was no evidence introduced that showed appellant knew of its presence. See, *Ivey v. State,* 226 Ga. 821, 824 (177 SE2d 702); *Phillips v. State,* 133 Ga. App. 392 (210 SE2d 858); *Brewer v. State,* 129 Ga. App. 118 (3) (199 SE2d 109); *Jones v. State,* 127 Ga. App. 137 (6) (193 SE2d 38). Cf. *Brown v. State,* 130 Ga. App. 11 (202 SE2d 268); *Satterfield v. State,* 127 Ga. App. 528 (2) (194 SE2d 295).

"Where the circumstances are equally compatible with guilt or innocence so that it is just as reasonable to draw one inference as the other, the conviction cannot stand." *Mooney v. State,* 122 Ga. App. 650, 653 (178 SE2d 281). Consequently, under the proved facts, we cannot say as a matter of law that the proved facts exclude every other reasonable hypothesis save that of the guilt of the accused. The evidence does not authorize conviction. To say that the evidence here authorizes defendant's conviction would amount to a holding affirming guilt on nothing more than suspicion and conjecture. This we cannot do, and we must reverse on this ground.

2. Appellant contends in Enumeration 4 that the search warrant was invalid because not signed by the issuing magistrate. It appears from the copies of the search warrants in the record that one of the three copies of the warrant was not signed but that at least one copy was signed at the time it was issued. We are satisfied that the magistrate did make a judicial finding of the existence of probable cause prior to issuing the warrant. "No warrant shall be quashed nor evidence suppressed be-cause of technical irregularity not affecting the sub-stantial rights of the accused." Ga. L. 1966, pp. 567, 571 (Code Ann. § 27-312). *Houser v. State,* 234 Ga. 209, 212 (214 SE2d 893).

3. Enumeration 11 asserts error in the trial court's admission of testimony of a police officer that he had received information that there were drug violations and

that heroin was being dealt in room 362 of the motel. In spite of the appellant's objections to such testimony as hearsay, the testimony was obviously not introduced to prove the truth of the information, but only to "explain conduct and ascertain motives" of the police investigation. It was admissible under Code § 38-302; *Estes v. State,* 224 Ga. 687 (1) (164 SE2d 108).

4. In Enumerations 12 and 13, appellant contends that the chain of custody was defective in that the custody of the heroin seized was unaccounted for for a period of 18 months, and that a chemist's report which analyzed the substances was inadmissible as hearsay. The record shows that an employee of the State Crime Laboratory, who took delivery of the box of heroin from the Albany Police Department, did not testify at the trial and was no longer employed by the State Crime Laboratory. Nevertheless, that employee conducted the test on the substance and entered his findings in an official report which was admitted into evidence. Whether or not the crime lab report was admissible into evidence, this evidence was merely cumulative of later evidence that the substance seized contained heroin, because a subsequent analysis by another chemist, who testified at trial, showed the substance contained heroin.

The box of heroin had been kept in the former employee's locker for approximately 18 months until another employee took custody of the locker and its contents. The second employee testified that when he opened the locker he found the box sealed and that there was no evidence of substitution or tampering with the box or its contents. The discrepancy as to the number of glassine bags within the box (202 introduced, 210 seized) is explained by the miscounting made at the time of the seizure—it does not affect the chain of custody or the admissibility of the substance seized. *White v. State,* 230 Ga. 327 (4) (196 SE2d 849); *Davis v. State,* 135 Ga. App. 203 (1). Furthermore, a later test was conducted on the same heroin by another chemist who testified at the trial as to the same results.

5. Enumerations 6, 7, 8, 9 and 10 deal with alleged errors in the trial court's charge to the jury or its failure to charge.

(a) The charge "While circumstantial evidence must exclude every reasonable doubt, it does not have to exclude every possibility of the defendant's innocence," was not error. See, *Eason v. State,* 217 Ga. 831 (2) (125 SE2d 488); *Willingham v. State,* 131 Ga. App. 851 (2) (207 SE2d 249); *Bostick v. State,* 129 Ga. App. 892, supra.

(b) The trial court also charged: "Now, the Defendant contends that he is not guilty. He contends that the State has totally and completely failed to prove his guilt of any offense under the laws of the State of Georgia. He contends that he had no knowledge whatsoever of the presence of heroin or of marijuana.

"If, from a consideration of the evidence or from a lack of the evidence or from a conflict in the evidence, you believe the contentions of the Defendant to be the truth of the case then the form of your verdict would be: We, the Jury, find the Defendant not guilty . . ."

This charge did not have the effect of shifting the burden of proof to appellant, but merely explained to the jury the contentions of the appellant. The court clearly set forth in several other places in its charge, that the state had the burden of proof beyond a reasonable doubt. See, *Odum v. State,* 21 Ga. App. 310, 313 (94 SE 257).

(c) The appellant's requested charge on constructive possession and exclusive control was adequately covered by other instructions of the court.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 5, 1975 — DECIDED SEPTEMBER 26, 1975.

*Beauchamp, Howell & Hedrick, William H. Hedrick,* for appellant.

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellee.