## 51715. MORAN v. THE STATE.

STOLZ, Judge.

Defendant was indicted for 2 counts of aggravated assault with a deadly weapon and 2 counts of kidnapping. He was convicted of the aggravated assaults and acquitted of the kidnappings.

At the trial, it was established that the defendant was engaged in the house moving business and on the date concerned had hired the victims, two 17-year-old boys, to assist him. About 10:30 a.m., it was discovered that the two youths were missing from the job site, and a search of an adjacent wild-animal reserve failed to locate them. The defendant later told another employee, a Billy Hardin, to look for the boys and bring them back. Hardin left in the defendant's car, located the victims in the vicinity, shot at them, and at gunpoint ordered them to mount the hood of the car. Hardin drove them back to the job site, holding the two boys at gunpoint on the hood of the moving automobile, with one of them bleeding from wounds incurred when he fell off the hood. One of the victims testified as to the following exchange between Moran and Hardin upon arrival at the job site: "Mr. Moran came up there and Mr. Moran said, 'What happened?' Billy Hardin said, 'I brought them back like you told me. You told me to bring them back, so I brought them.' Moran said, 'You should have left that to me.' . . . Then Billy Hardin said, 'Well, I should have shot them while I had a chance to.' . . . He [Moran] said he believed that we stole something and that he was going to do something about it. So, he walked to the barn and he said that he was going to get some ropes. . . [H]e gave Billy Hardin the gun and he told him if we started to run to

blow our heads off." Moran then took some chains from his truck and, with Hardin holding a gun on them, forced the boys up to the attic of the building where he proceeded to chain them to the rafters.

The defendant appeals from his conviction of aggravated assault.

1. We believe that a jury, considering all the evidence and inferences therefrom, would be authorized to find that defendant Moran was a party to the aggravated assault. Certainly, the colloquy between Moran and Hardin at least raises a question as to whether there had been even a tacit understanding as to how the boys were to be treated. That conversation need not be treated as an after-the-fact inference that Moran endorsed Hardin's actions, but could be considered as an indication of Moran's intent at the time he ordered the "recapture." Moreover, in light of the preceding events, Moran's ordering Hardin to stay with the boys, and ordering the boys up to the attic while Hardin held them at gunpoint, could support a jury finding that Moran, through his orders to Hardin, placed his victims in apprehension of receiving bodily injury.

It is appropriate to consider all circumstances surrounding the incident in determining whether defendant Moran was a party to the crime. See Code Ann. § 26-801 (b) and Committee Notes thereto. In light of the evidence, this determination was decidedly within the province of the jury. It is axiomatic that a trial court's refusal to grant a directed verdict of acquittal is not error unless such is demanded as a matter of law. *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311).

The defendant's enumerations of error relying on the denial of his motion for new trial on general grounds and the denial of his motion for a directed verdict of acquittal, are without merit.

2. The defendant enumerates as error the following charge given to the jury by the trial judge: "Now, in these cases, the state contends that it has shown that the defendant is guilty. I have given you the form of the verdicts. On the other hand, the defendant says that he is not guilty. He says that he has not offended the laws of the State of Georgia in any way whatsoever and he

contends that he is not guilty of any offense." A similar charge was approved in *Trask v. State,* 132 Ga. App. 645, 648 (208 SE2d 591). The same charge was found to be harmful error in *Graham v. State,* 135 Ga. App. 825 (219 SE2d 477) and *Henderson v. State,* 134 Ga. App. 898 (5) (216 SE2d 696). In *Braden v. State,* 135 Ga. App. 827 (5b) (219 SE2d 479) this same charge was construed as *not* having the effect of shifting the burden of proof to the appellant, but merely explained to the jury the contentions of the appellant. (*Braden* was reversed on other grounds.) Lastly, in *Burns v. State,* 135 Ga. App. 842 (3) (219 SE2d 487), almost precisely the same charge was held to be burden shifting requiring the grant of a new trial.

Examination of the *Henderson, Braden* and *Burns* decisions will reveal that the same trial judge was involved in all three cases. With due apologies to the particular trial judge, the trial bench in general, and the trial bar, we must rectify our obvious inconsistency. Accordingly, after reviewing our decisions and again reviewing the charge in question, we are of the opinion that the decision of the court in *Braden v. State,* 135 Ga. App. 827 (5b), supra, is correct, and that our holdings in *Henderson v. State,* 134 Ga. App. 898 (5), supra; *Burns v. State,* 135 Ga. App. 842 (3), supra; and *Graham v. State,* 135 Ga. App. 825, supra, are incorrect, and are hereby specifically overruled.

The defendant's remaining enumerations of error are without merit.

*Judgment affirmed. Bell, C. J., Deen, P. J., and Clark, J., concur. Marshall and McMurray, JJ., concur specially. Pannell, P. J., Quillian and Webb, JJ., concur in the judgment, but dissent in part.*

SUBMITTED JANUARY 13, 1976 — DECIDED
JULY 9, 1976.

*D. C. Campbell, Jr., D. Lamar Stewart, Jr.,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.

## Addendum

MARSHALL, Judge and McMURRAY, Judge, concurring specially.

We concur in all that has been said in the majority opinion.

The difficulty presented as to the possibility of the charge of the trial court resulting in an erroneous shifting of the burden of proof to the defendant by reason of the fact that the trial judge, in giving his instructions to the jury, states the contentions of the defendant (to the effect that he "has done nothing wrong and is not guilty of any offense against the laws of Georgia, etc.") immediately prior to setting forth the possible verdicts available to the jury and prefacing the form of not guilty verdict by preliminary phraseology such as "on the other hand, if you find the contentions of the defendant to be true —", may be avoided by the placement of the statement of the contentions of the defendant in another portion of the instructions.

If the contentions of the defendant were given immediately following the part of the charge when the court states that the plea of not guilty of the defendant, when taken with the indictment, formulate the issues to be tried by the jury (see para. D, on page 17 of Jury Instructions Criminal, suggested and promulgated by Council of Superior Court Judges of Georgia, dated August 11, 1975), then there would be less possibility of intimating that such statement tended to shift the burden of proof to the defendant.

The suggested Jury Instructions Criminal, promulgated by the Council of Superior Courts of Georgia, dated August 11, 1975, at page 18D, contains a suggested charge as to the alternate findings of the jury and the forms of verdict, which makes no reference to the contentions of either the state or the defendant. (It should be noted that this particular charge is for a misdemeanor offense.)

The relocation of the statement of the defendant's contentions from the vicinity of the form of verdicts and the elimination of any reference to those contentions in the form of verdicts should remove any possibility of error in this aspect of the charge.

PANNELL, Presiding Judge, concurring in the judgment, but dissenting in part.

I concur in the judgment of affirmance but dissent from the overruling of *Henderson v. State,* 134 Ga. App. 898 (216 SE2d 696); *Burns v. State,* 135 Ga. App. 842 (3) (219 SE2d 487); and *Graham v. State,* 135 Ga. App. 825 (219 SE2d 477) and from that portion of the opinion which states that a similar charge was found not to constitute reversible error in *Trask v. State,* 132 Ga. App. 645 (9) (208 SE2d 591).

The "similar" charge in *Trask* was not in any way attacked. In that case complaint was made that the trial judge failed to charge requests of the defendant to the effect that if the jury believed the defendant was justified under the law it would be their duty to acquit him. This court held the following charge met the requirements of the request and there was no error. The charge given was: "Now, the defendant contends that he is not guilty of the offense of murder or any other crime. He contends that the state has not proved his guilt to a moral and reasonable certainty beyond a reasonable doubt; *he contends that the killing was justifiable under the law.* He contends that the killing was an accident. If, after consideration of the evidence, or from a lack of the evidence, you believe those contentions of the defendant to be the truth of the case, or *if you believe either of these contentions of the defendant to be the truth of the case, you should acquit him."* (Emphasis supplied.) There was no attack upon the quoted charge on the ground it placed an undue burden upon defendant, nor was it attacked in any way whatsoever. Accordingly, it can not be said the above charge was approved or held not to be erroneous against such attacks.

In the *Henderson, Graham* and *Burns* cases (the record discloses) there were erroneous or exaggerated statements of the defendant's contentions *plus additional language immediately following to the effect that "if the jury believed the defendant's contentions they should acquit him."*

The charge complained of in the present case contains no such additional language, and thus did not impliedly place the burden of proof upon the defendant

to prove his contentions in order to be acquitted, as the additional language was held to do in *Henderson* and *Graham.* While *Braden* for this reason may be in conflict with *Henderson* and *Graham,* this is a question not necessary to decide in the present case as we have here no such additional language to the charge of which complaint is made.

I see no need, therefore, to overrule any of these cases or to decide whether under the facts of those cases there is a conflict between *Braden* on the one hand, and *Henderson, Graham* and *Burns* on the other.

I am authorized to state that Judge Quillian and Judge Webb join me in the foregoing.