## 51639. AVERY v. THE STATE.

SHULMAN, Judge.

Upon the first consideration of this case, we reversed the judgment of conviction upon one of the four enumerated errors. 138 Ga. App. 65 (225 SE2d 454). Our Supreme Court thereupon reversed our decision and remanded the case to us for further consideration. *State v. Avery,* 237 Ga. 865. *Held:*

1. The first enumeration of error on the general grounds was not argued nor supported by citation of authority and for those reasons is deemed abandoned. Court of Appeals Rule 18 (c) (2), 122 Ga. App. 885, 894; *Proveaux v. State,* 233 Ga. 456, 457 (211 SE2d 747). Moreover, a review of the record and transcript reveals ample evidence to support the judgment of conviction.

2. The charge complained of in the second enumeration was approved by the Supreme Court in *State v. Avery,* 237 Ga. 865, supra, revg. *Avery v. State,* 138 Ga. App. 65, supra. Accordingly, the enumeration is without merit.

3. The court's charge to the jury on involuntary intoxication was not error. *Pierce v. State,* 231 Ga. 731 (6) (204 SE2d 159); *Pitts v. State,* 128 Ga. App. 827 (4) (198 SE2d 377). The third enumeration is without merit.

4. The defendant contends that the court erred in charging the jury as follows: "Ladies and gentlemen, if you believe the contentions of the defendant, that is, that he had suffered a concussion, and that he did not know what he was doing, then it would be your duty to acquit." Although similar charges were held to be error in *Graham v. State,* 135 Ga. App. 825 (219 SE2d 477) and *Henderson v. State,* 134 Ga. App. 898 (5) (216 SE2d 696), the error herein was harmless.

In both *Graham* and *Henderson* the erroneous instructions were given at the end of the court's charge just prior to instructing the jury on the form of the verdict and "could easily have stood out in the jury's mind." *Henderson v. State,* 134 Ga. App. p. 902, supra. Moreover, in both cases the court was at best vague in instructing on the concept of reasonable doubt and the state's burden of proof. Neither situation is present in the case sub judice. The erroneous instruction came midway in the court's charge and was preceded and followed by clear instructions on the state's burden to prove the defendant guilty beyond a reasonable doubt. This, coupled with the ample evidence supporting the verdict of guilty, convinces us that the error was harmless and did not have an effect upon the outcome of the trial. See *Burns v. State,* 135 Ga. App. 842 (4) (219 SE2d 487). Defendant's fourth enumeration of error is without merit.

*Judgment affirmed. Quillian, P. J., and Stolz, J., concur.*

Submitted January 13, 1977 — Decided January 26, 1977.

*Wynn Pelham,* for appellant.
*Richard Bell, District Attorney, Calvin A. Leipold, Jr., Assistant District Attorney,* for appellee.