### 53374. HAUGABROOK v. THE STATE.

WEBB, Judge.

Nathaniel Haugabrook was convicted of two counts of theft by receiving stolen property. He appeals from the denial of his motion for new trial, relying solely on the general grounds and specifically that the state failed to prove that the property in question was in fact stolen or that he knew or should have known that it was stolen, which are essential elements for conviction under Criminal Code § 26-1806. We find no error.

Two witnesses testified as to how they removed merchandise from Redman Industries' plant late at night and delivered it in a rented U-Haul truck to Haugabrook's house where he paid them for it. The general manager and the materials manager of Redman industries identified the merchandise found in Haugabrook's possession by the serial numbers as items they had purchased, and testified that no one was authorized to go in the plant and remove merchandise after 6 p.m. when it closed.

" 'After a verdict, approved by the trial court, the evidence must be construed by this court in its light most favorable to the prevailing party with every presumption and inference being in favor of upholding that verdict. [Cits.]' *Green v. State,* 123 Ga. App. 286, 287 (3) (180 SE2d 564). The law is well established to the effect that one found in possession of recently stolen property has the burden of explaining that possession. Code Ann. § 26-1806. '[T]he question of whether the explanation of the possession offered by the defendant in his statement alone, that he found the property, is a satisfactory explanation, is a question for the jury.' *Chubbs v. State,* 204 Ga. 762 (1) (51 SE2d 851)." *Queen v. State,* 131 Ga. App. 370 (1) (205 SE2d 921) (1974). It is clear that the jury determined that Haugabrook's explanation was not adequate and the evidence presented by the state was ample to support the verdict. See *Pounds v. State,* 136 Ga.

App. 852 (222 SE2d 629) (1975).
  *Judgment affirmed. Deen, P. J., and Marshall, J.,
concur.*

ARGUED FEBRUARY 15, 1977 — DECIDED FEBRUARY 22, 1977 —
REHEARING DENIED MARCH 7, 1977 —

*Roberts, Roberts & Rainwater, Guy Velpoe Roberts,
Jr.,* for appellant.
  *D. E. Turk, District Attorney,* for appellee.