## 53764. BROWN v. THE STATE.

BELL, Chief Judge.
Defendant was tried for murder but was convicted of voluntary manslaughter and sentenced. *Held:*

1. Charging the jury on the contentions of the

defendant is not a burden shifting charge under our decision in *Moran v. State,* 139 Ga. App. 274 (228 SE2d 216). The holdings on this issue found in *Henderson v. State,* 134 Ga. App. 898, 900 (216 SE2d 696) and *Graham v. State,* 135 Ga. App. 825 (219 SE2d 477), relied on by defendant, were specifically overruled by *Moran v. State,* supra.

2. The court concluded its charge with a recharge on the law as to voluntary manslaughter and justifiable homicide. A mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. *Baker v. State,* 88 Ga. App. 894, 895 (78 SE2d 357). In the instant case, the reiteration was as to the lesser included offense of the crime charged in the indictment and as to the defendant's sole defense — both favorable to the defendant. When the charge is read as a whole, we cannot say that it confused or misled the jury or in any manner resulted in an unfair statement of the law as it relates to defendant.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED APRIL 5, 1977 — DECIDED MAY 9, 1977.

*Fuller & Schiller, Kenneth C. Fuller,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Englehart, Assistant District Attorney,* for appellee.