## 55371. COLLINS v. THE STATE.

WEBB, Judge.

This appeal is from Collins' conviction of one count of armed robbery of Susan Hudson, who was resident manager of the Wellington Court Apartments in south DeKalb County. (See *Collins v. State,* 145 Ga. App. 341 (1)).

1. Collins insists that a mistrial should have been granted because during cross examination of a defense witness the district attorney commented: "Do you have a remarkable memory, Ms. Juhan? I congratulate you. Thank you." We do not agree.

After defense counsel objected, the district attorney apologized and the court properly instructed the jury to disregard the remark. "The corrective action taken by the trial court was sufficient and no abuse of discretion appears. The Supreme Court has held that where the instruction by the court to the jury to disregard the remarks was full, it in effect amounted to a rebuke of counsel. [Cits.]" *London v. State,* 142 Ga. App. 426, 427 (1) (236 SE2d 158) (1977).

2. The trial court charged: "The law directs that it is your duty, where it can be done, to so reconcile conflicting evidence, if there be such in this case, as to make all of the

witnesses speak the truth, and perjury be imputed to none of them. But should there be any evidence in this case in such irreconcilable conflict that this cannot be done, then you would believe the evidence that is most reasonable and most credible to you, under all of the facts and circumstances of the case." This charge was repeated almost verbatim from one recommended by the Committee on Pattern Jury Instructions of the Council of Superior Court Judges, and we find no error.

3. The contention that in instructing the jury that "the burden rests upon the State to prove all of the material allegations in these two indictments," the trial court failed to completely charge on the law of reasonable doubt is not supported by a reading of the entire charge as a whole. *Perkins v. State,* 141 Ga. App. 893 (1) (234 SE2d 715) (1977); *Rucker v. State,* 135 Ga. App. 468, 471 (3) (218 SE2d 146) (1975) and citations in both cases.

4. Collins enumerates as error the charge of the court: "Now, ladies and gentlemen, if you believe the contentions of the defendant, it would be your duty to acquit. On the other hand, if you believe [the contentions of the state] then you would be authorized to find him guilty." He asserts that it was not necessary for the jury to believe the defendant's alibi in order to acquit him and that the charge could have erroneously led the jury to conclude that it was limited to an acquittal only if it believed his contentions. He relies upon *Graham v. State,* 135 Ga. App. 825 (219 SE2d 477) (1975) and *Henderson v. State,* 134 Ga. App. 898, 900 (5) (216 SE2d 696) (1975), wherein similar charges were held to be erroneous.

However, "In both *Graham* and *Henderson* the erroneous instructions were given at the end of the court's charge just prior to instructing the jury on the form of the verdict and 'could easily have stood out in the jury's mind.' *Henderson v. State,* 134 Ga. App. supra, p. 902. Moreover, in both cases the court was at best vague in instructing on the concept of reasonable doubt and the state's burden of proof. Neither situation is present in the case sub judice. The erroneous instruction came midway in the court's charge and was preceded and followed by clear instructions on the state's burden to prove the defendant guilty beyond a reasonable doubt. This, coupled with the

ample evidence supporting the verdict of guilty, convinces us that the error was harmless and did not have an effect upon the outcome of the trial. See *Burns v. State,* 135 Ga. App. 842 (4) (219 SE2d 487)." *Avery v. State,* 141 Ga. App. 92, 93 (4) (232 SE2d 618) (1977).

Although the language objected to here, as in *Avery,* was midway in an otherwise adequate charge, we agree with the holding in *Flannigan v. State,* 139 Ga. App. 590, 591 (229 SE2d 98) (1976), no matter where such an instruction may appear: "We do not recommend the questioned charge as a model of clarity or even one to be emulated. Nevertheless, where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. *Todd v. Fellows,* 107 Ga. App. 783 (131 SE2d 577). There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence. *Thomas v. Barnett,* 107 Ga. App. 717 (5) (131 SE2d 818). While the specific portion of the charge of which complaint is made when torn asunder and considered as a disjointed fragment may be objectionable, when put together and considered as a whole, the charge is perfectly sound. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217); *Jones v. Tyre,* 137 Ga. App. 572, 574 (224 SE2d 512); *Geter v. State,* 219 Ga. 125, 134 (132 SE2d 30). We find no prejudice to appellant's substantial rights in the questioned charge. Accordingly, the enumeration is without merit." See also *Brown v. Matthews,* 79 Ga. 1 (4 SE 13) (1887); *Hamilton v. State,* 131 Ga. App. 69 (205 SE2d 24) (1974); *Moran v. State,* 139 Ga. App. 274, 275-276 (2) (228 SE2d 216) (1976).

5. The verdict is supported by the evidence and will not be overturned because of the denial of a motion for new trial on the "general grounds." *Paul v. State,* 144 Ga. App. 106 (1) (240 SE2d 600) (1977).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED FEBRUARY 6, 1978 — DECIDED MARCH 16, 1978.

*R. David Botts,* for appellant.
*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.