## 63587. FOSTER v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, along with others, for the offense of theft by receiving stolen property having a value of more than $400 in that he knew and should have known said property was stolen and not having received said property with the intent of restoring it to the owner. He was tried, along with his son, and was convicted (the jury finding his son not guilty) and sentenced to serve a term of 10 years and upon service of 3 years, the remaining 7 to be served on probation. Defendant appeals. *Held:*

1. The first enumeration of error is that the trial court erred in charging a burden-shifting charge with reference to the burden of proof, that is, requiring him to explain recent possession of the property in violation of his constitutional right to due process of law. The defendant, while in the employment of another, was self-employed as an operator of a flea market salvage store and a former conductor of yard sales as a business; and purchased an assortment of merchandise from another, which merchandise was allegedly stolen at the time he purchased same.

After charging the specific criminal Code section as to theft by receiving stolen property, the court then instructed the jury that it would not be necessary to show the conviction of the principal thief and that recent possession of stolen goods unaccounted for "raises the inference that the possessor is the one who stole the goods, and if an accused does not want such inference to arise he must account for its possession. *One found in possession of recently stolen property has the burden of explaining that possession.*" (Emphasis supplied.) The court then charged that an essential element of the offense of theft by receiving stolen property is knowledge that the goods are stolen when the defendant receives the property and that this knowledge may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man. At the conclusion of the charge objection was made to the burden-shifting nature as shown above in italics.

Unexplained possession is not sufficient in itself to authorize a conviction for receiving stolen property but such possession in conjunction with other evidence is sufficient to infer the knowledge required by the statute. See *Haugabrook v. State,* 142 Ga. App. 714, 715 (236 SE2d 890), and cits. We note that this language was used in

this case after *Haugabrook v. State,* 141 Ga. App. 511 (233 SE2d 838), was vacated by *Haugabrook v. State,* 238 Ga. 722 (235 SE2d 385), directing this court's attention to *Parrish v. Hopper,* 238 Ga. 468 (233 SE2d 161). However, in *Haugabrook v. State,* 142 Ga. App. 714, supra, this court pointed out that it was not considering the case based upon an erroneous charge, but upon the general grounds involving the sufficiency of the evidence and again affirmed the conviction. In *Parrish v. Hopper,* 238 Ga. 468, supra, a habeas corpus case, a burden-shifting charge, similar to the above, as given by the trial court during that defendant's trial for burglary in pertinent part was as follows: "[I]f you find . . . that a burglary was committed and that recently thereafter the defendant was in possession of some of the articles alleged to have been stolen, there is a burden upon him to prove to your reasonable satisfaction that he came in possession of those articles in a legitimate way and manner, that burden is upon him to satisfy your mind of that fact." The Supreme Court therein pointed out that a portion of the trial court's charge was not burden-shifting wherein the court charged: "I charge you that if you find from the evidence that a burglary was committed as charged in this indictment, and that recently after such burglary this defendant was found in possession of some of the articles alleged to have been stolen as a result of said burglary, that belonged to Mr. . . . ., that would be such a circumstance and inference from which [the jury] would be authorized to convict [defendant] of the burglary, unless he makes an explanation of his possession of the stolen goods, consistent with his innocence in your opinion, all of which you are to be the judges." The trial court therein had also charged that this was an inference of fact and not of law and the same was rebuttable. Nevertheless, that court held that the trial court fell into fatal error in charging any burden upon the defendant, "to prove to your reasonable satisfaction that he came in possession of these articles in a legitimate way and manner," that is, the "defendant had a burden of persuasion," which is at odds with the state's burden of proving guilt beyond a reasonable doubt. In that habeas corpus case the defendant's conviction of burglary was vacated. Under the circumstances here there can be no doubt that the trial court's charge that one found in possession of recently stolen property, "has the burden of explaining that possession," was similar to that charge which the Supreme Court has condemned, although the trial court had shortly before charged the correct law as to the inference which may be attached to one found in possession of recently stolen property unaccounted for. Under the circumstances here a new trial is in order. See *Henderson v. State,* 134 Ga. App. 898, 900-901 (216 SE2d 696), overruled on another ground in *Moran v. State,* 139 Ga. App. 274, 276 (228 SE2d 216); In re Winship, 397 U. S.

358, 364 (90 SC 1068, 25 LE2d 368); *Gaskin v. State,* 119 Ga. App. 593 (1), 594 (168 SE2d 183). Accord, *Patterson v. State,* 233 Ga. 724, 729-731 (7) (213 SE2d 612); *Barfield v. Dampier,* 241 Ga. 168 (243 SE2d 876). Compare *Thomas v. State,* 237 Ga. 690, 692 (II) (229 SE2d 458); *Jacobs v. Caldwell,* 231 Ga. 600 (203 SE2d 188); *Anderson v. State,* 153 Ga. App. 401, 404 (265 SE2d 299).

2. The second enumeration of error here is that the trial court erred in refusing to grant a mistrial although sustaining the defendant's objection outside the presence of the jury to the prosecutor's alleged inflammatory, misleading and prejudicial argument to the jury in referring to facts not in evidence and in prejudicially arguing that a conviction of the defendant would stem the tide of growing burglaries in the county, thus denying the defendant a fair trial by failing to give the jury any curative instructions.

The arguments of counsel in this instance were not reported, and we do not have a complete transcript of the closing argument as made by the assistant district attorney. Consequently, we cannot review this enumeration of error. Further, as shown above in Division 1, a new trial is required and this enumeration of error may not occur again.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

Decided April 13, 1982.

*Leroy W. Robinson, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, Patrick F. McMahon, Assistant District Attorney,* for appellee.