67178. COXON v. LADY JANE SHOP, INC.

McMurray, Chief Judge.

This is a damage suit brought in two counts against a corporate defendant. Count 1 involves malicious prosecution arising out of the arrest of the plaintiff on a charge of theft by shoplifting. Plaintiff contends that she was confined to jail, required to post bond and that a directed verdict of acquittal was thereafter the result of the arrest and confinement. She contends therein that probable cause never existed and that the defendant carried on the prosecution maliciously. With respect to Count 1 plaintiff sought judgment for expenses incurred in defending the prosecution and damages done to her good name and reputation and further damages to deter the

wrongdoer. In Count 2 she contends her detention was unlawful, caused her humiliation and embarrassment and sought damages for unlawful detention resulting in humiliation and embarrassment to her and damages to deter such action of the defendant in the future.

The defendant answered admitting only jurisdiction and denied the claims but also sought by counterclaim damages for alleged conspiracy with others to tortiously interfere with the defendant's business.

The case came on for trial and a verdict was rendered in favor of the defendant as to Count 1 of the plaintiff's complaint, for the plaintiff on the defendant's counterclaim, the jury being unable to reach a unanimous opinion as to Count 2 of the plaintiff's complaint. Whereupon the judgment followed the verdict with the court ordering a mistrial as to Count 2. The court expressly determined that the judgment "is a final judgment as there is no just reason for delay." Plaintiff appeals. *Held:*

1. The first enumeration is that the trial court erred in charging the jury that the binding over of a defendant for trial by a recorder's court or an indictment by a grand jury was prima facie evidence that there was probable cause for the arrest and issuance of the criminal warrant. However, this was not the complete charge with reference to same, the court clearly instructing the jury that a finding of probable cause by the committal court is one in which the committal court has found probable cause as to the warrant in issue, that is, "prima facie evidence that there was probable cause for the arrest and issuing of the warrant in question." The court then further instructed that "prima facie evidence is evidence good and sufficient on its face to establish a given fact, and if not rebutted or contradicted by competent evidence will remain sufficient to prove a specific fact," but the jury is not bound by this evidence and may determine from the facts presented in the case "that there was not probable cause for the prosecution of the criminal case." The court then further instructed the jury that "[a]n indictment by the grand jury is prima facie, but not conclusive evidence, of probable cause for the prosecution of the person indicted." Examining the instruction as a whole as to the subject matter we do not find the charge erroneous. See *Darnell v. Shirley,* 31 Ga. App. 764 (1), 765 (7) (122 SE 252); *Hill v. Trend Carpet,* 154 Ga. App. 446 (1) (268 SE2d 682). There is no merit in this complaint.

2. The second enumeration of error contends the trial court erred in charging the jury "that prosecuting for the sake of making an example was not indicative of malice." Apparently this charge is taken from *Coleman v. Allen,* 79 Ga. 637, 638 (2), 643-644 (5 SE 204). Therein the Supreme Court discussed an early English case and

further stated as follows: "The most elevated motive that can possibly be entertained for prosecuting anybody is to make an example for the benefit of the public; the next is to make an example for the benefit of individuals other than self; and the next is to make an example for the benefit of one's self. The bringing of anybody to justice, without regard to its effect for good by way of example, is excusable but not commendable. The motive of the prosecution testified to in this case was a proper one, being the desire to deter others from committing crime by making an example of the alleged criminal. But no one has a right to make any person an example unless he is guilty; and it will not do to proceed against him for example or anything else unless you believe him to be guilty, and have good and probable grounds upon which to base the opinion; but I [Bleckley, Chief Justice] cannot see anything to criticize in the motive of a prosecutor who candidly avows that he does not want to hurt the accused, but simply wants to make him an example to deter others. Such a mental attitude toward offenders is that of the law itself." Clearly the court therein was discussing the facts of that case and not establishing a proposed charge that "[t]o prosecute for the sake of making an example of the accused is not indicative of malice." We do not find the facts of the case sub judice as one in which the prosecutor was seeking to make an example of the accused. Therefore, the trial court erred in giving this charge, and since we cannot say that it was harmless to the plaintiff's case, we reverse. See *Rogers v. Johnson,* 94 Ga. App. 666, 682 (96 SE 2d 285); *Anderson v. Southern R. Co.,* 107 Ga. 500, 501 (4b) (33 SE 644); *Kaylor v. Kaylor,* 199 Ga. 516, 517 (2) (35 SE2d 1); *Burns v. State,* 135 Ga. App. 842, 843 (4) (219 SE2d 487), Div. 3, thereof overruled by *Moran v. State,* 139 Ga. App. 274, 276 (228 SE2d 216).

*Judgment reversed. Birdsong, J., concurs. Shulman, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 24, 1984.

*R. Kran Riddle,* for appellant.
*John T. Woodall, Leesa A. Bohler,* for appellee.