## KEENER *v.* THE STATE.

*Atkinson, J.*—1. Where the minutes failed to show the manner in which an indictment had been returned into court at a given term, it was not improper for the trial judge, at the same term, to orally direct the clerk to correct the minutes so as to make them speak the truth as to this matter; and the making and entering of a formal order for this purpose was not essential.

2. The jurors alleged to have been of kin to the prosecutor were not related to him either by consanguinity or affinity, and therefore they were not disqualified. *Burns* v. *The State*, 89 *Ga.* 527; *Central Railroad Co.* v. *Roberts*, 91 *Ga.* 513.

3. Where insanity at the time of the commission by an adult of an indictable act is set up as a defense, the burden of proving the alleged insanity by a preponderance of the evidence rests upon the accused. *Carter* v. *The State*, 56 *Ga.* 463; *Danforth* v. *The State*, 75 *Ga.* 614.

4. The motions to postpone the trial and for a continuance were in the discretion of the trial judge, which, under the facts of the present case, this court will not control; the requests to charge were not, in all respects, legal: in so far as they were legal and pertinent, they were covered by the general charge; the alleged newly discovered evidence was not, strictly speaking, newly discovered evidence at all; the evidence introduced at the trial was amply sufficient to warrant the verdict, and there was no error requiring a new trial. *Judgment affirmed.*
December 13, 1895.

Indictment for murder. Before Judge Kimsey. Rabun superior court. August term, 1895.

W. S. Keener was convicted of the murder of Arizona Moore, and his motion for a new trial was overruled.

1. A motion to quash the indictment was made, on the ground that the minutes did not state when, how, nor by whom the bill was returned into court. The court called upon the clerk to state how the indictment came into court, and the clerk said, by the sworn bailiff of the grand jury; whereupon the court directed the clerk to so correct the minutes as to cause them to speak the truth in this regard, but passed no formal written order authorizing the minutes to be amended.

2. The motion alleged, in one ground, that J. B. Gillespie and R. J. Garland, two of the jurors who tried the case, were related to the prosecutor Moore, and were therefore incompetent. To support this ground, affidavits were produced, showing that an uncle of the mother of Arizona Moore was the husband of an aunt of the juror Gillespie; and that a first cousin of the mother of Arizona Moore was the husband of a sister of the juror Garland.

3--4. But two witnesses were introduced by the State, and their testimony made a case of unprovoked murder. The defendant introduced no evidence, and made no statement. There were no facts in evidence tending to prove that defendant was insane at the time of the homicide; though one of the witnesses stated that he did not think defendant had his right mind at the time; that he could not say, but did not believe defendant knew right from wrong when he was doing this; that for a year or two before the homicide he did not do like he did before, was more reserved in his manner, etc. Two requests for instructions to the jury were made, involving the proposition, among others, that, though the defendant would be presumed sane at the time of the homicide until the contrary appeared, the burden of proof on this part of the case, as well as on every other, was upon the State to establish the conditions of guilt. Other grounds of the motion were, that the court erred in declining to give two hours time for consultation with witnesses summoned for the defendant, proposing to allow only half an hour for this purpose; and in overruling a motion for continuance for the absence of a witness who was in North Carolina, by whom it was expected to prove that defendant was insane at the time of the homicide; that the opinions of two physicians had been obtained since the trial, upon their examinations of defendant, to the effect that he was then insane, these physicians having refused to give any opinion up to that time, on account of not having made a sufficient examination, etc.; and that the verdict was contrary to law and evidence.

*J. B. Estes* and *Hubert Estes*, for plaintiff in error.

*J. M. Terrell*, attorney-general, and *Howard Thompson*, solicitor-general, contra.