## 30736. GIBSON v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and sentenced to life imprisonment. He asserts the trial court erred in giving certain charges and in refusing to give certain requested charges involving his defense of insanity. *Held:*

1. The court instructed the jury, "I charge you that under the law of this state every person is presumed to be of sound mind and discretion, but the presumption may be rebutted." Appellant contends the court erred in not charging the jury "as to the standard to which the appellant . . . was to be held in rebutting this presumption." We do not agree. The charge merely states the presumption of sanity is not conclusive. Immediately after this charge the court instructed the jury, "It is the duty of the jury to consider the evidence touching the alleged insanity in connection with the other evidence in the case and if in view of all the evidence the jury entertains a reasonable doubt of the guilt of the defendant he should be given the benefit of that doubt and should be acquitted." The charge directed that the presumption of sanity was rebutted by evidence which raised a reasonable doubt. There was no error in the charge. *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975).

2. We do not agree with appellant's contention that the following charge could be interpreted as instructing the jury that the appellant's insanity must be established beyond a reasonable doubt. "If you believe that the defendant committed the act against him in this bill of indictment, but that at the time of its commission he was mentally incapable of distinguishing between right and wrong in relation to that act, then you should acquit him. Likewise, if you have a reasonable doubt as to this, then you should give the defendant the benefit of that doubt

and acquit him." In our opinion the charge instructs the jury not only to acquit the defendant if he was incapable of distinguishing right from wrong but to acquit him if they entertained a reasonable doubt as to whether he could distinguish right from wrong. Furthermore, a review of the entire charge including the isolated portion above removes any possibility that the jury interpreted the charges as suggested by appellant.

3. The court did not err in refusing to give appellant's requested charge on appellant's disposition if the jury found appellant insane. *Pierce v. State,* 231 Ga. 731 (5) (204 SE2d 159) (1974); *Hulsey v. State,* 233 Ga. 261 (2) (210 SE2d 797) (1974).

4. The court did not err in refusing appellant's requested charge on insanity. Georgia follows the "McNaughton rule" and this was properly charged. Delusional compulsion is not involved in this case.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED JANUARY 21, 1976 — DECIDED FEBRUARY 2, 1976.

*Melton, McKenna & House, Doyle E. Green, C. R. Cook,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.