31273. POWELL v. THE STATE.

HILL, Justice.

The defendant, Myrtice Powell, was convicted of murder and was sentenced to life imprisonment. On

appeal to this court she contends in her first enumeration of error that the trial judge failed to instruct the jury, without request, that her sanity must be proven by the state beyond a reasonable doubt.

On June 22, 1974, a Saturday, at about 4:30 in the afternoon, defendant ran out of her apartment, came up behind Mr. and Mrs. Thornton who were passing by, and, reaching around Mr. Thornton, stabbed Mrs. Thornton in her heart. The defendant and her husband had known and visited the Thorntons who lived in a nearby apartment. Two neighbors who witnessed the killing saw no provocation, but one overheard defendant say after the stabbing, "I told the dirty bitch I would get her. She told me to kiss her ass." A policeman and the detective who subsequently dealt with defendant described her as remorseful and normal, except that she asserted the victim was screaming obscenities at her window and was harassing her in other ways immediately preceding the killing. One doctor testified that she suffered from schizophrenia and some brain damage at the time of his examination after the incident and that she was an alcoholic. He was unable to give an opinion as to her sanity when she stabbed the victim. Central State Hospital had declared the defendant mentally capable of standing trial. The defendant did not take the stand, but her aunt testified that she had not been "the same" since her former husband shot her in the back of her head in 1967.

1. Defendant argues that the reasonable doubt standards of *Avery v. State,* 138 Ga. App. 65 (225 SE2d 454) (1976), have not been met. In *Avery* the Court of Appeals found that the jury instructions required the defendant to persuade the jury that he was insane in order to avoid conviction, and that such a charge was error. However, the charge given in the trial of the defendant in the instant case did not shift to defendant a burden of persuading the jury, nor did it unambiguously fail to place the burden of persuasion upon the state. Defendant has not presented to this court nor has a review of the record and transcript revealed any passage of the charge which shifts to defendant a burden of persuading the jury of her insanity. *Avery,* supra, is inapplicable in this case and we

need not here decide the question decided there. Cf. *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975).

The present state of the law as to who has the burden of proof as to sanity or insanity is unclear. See *Grace v. Hopper,* supra, minority opinion by Presiding Justice Undercofler (there was no majority opinion) and specially concurring and dissenting opinions. In view of this uncertainty, the trial judge did not undertake to attribute the burden of proof specifically in this case and there was no request to charge requiring him to do so. Our task in the case before us is not to divide and decide on whom the burden lies but to decide whether the trial court's charge was error.

We hold that where the charge of the court includes instruction as to insanity but places the burden of proof as to each essential element of the crime, including intent, upon the state beyond a reasonable doubt, it is not error for the court not to instruct the jury specifically, absent a request, as to any burden of proof regarding sanity. See *State v. McNeil,* 234 Ga. 696 (217 SE2d 281) (1975). The charge of the court was not error.

2. The defendant's attorney took the stand and testified as to her mental competency. While testifying, he stated that the court would not grant bond to a crazy woman. The court interrupted to correct counsel and hold the testimony inadmissible. On appeal, the defendant enumerates this interruption as error contending that it constituted an opinion by the court as to what had or had not been proved in violation of Code Ann. § 81-1104.

The statement by the court that he had not referred to the defendant as a crazy woman does not amount to an opinion as to what had or had not been proved nor an opinion as to the guilt of the accused. We find no error here.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED JUNE 25, 1976 — DECIDED
SEPTEMBER 8, 1976.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Staff Assistant Attorney General,* for appellee.