## 31159. THE STATE v. AVERY.

UNDERCOFLER, Presiding Justice.

The Court of Appeals reversed the aggravated assault conviction of the defendant Avery because the trial court did not charge the jury that the burden of persuasion was on the state to show that Avery was sane beyond a reasonable doubt. *Avery v. State,* 138 Ga. App. 65 (225 SE2d 454) (1976). We granted the state's application for certiorari to consider whether this ruling comports with our decision in *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975). We reverse. We note, as did the Court of Appeals, that this case does not involve a charge shifting the burden of proof of an affirmative defense to the defendant. The trial court here did not specifically allocate the burden of proving sanity or insanity to the state or to the defendant. However, the court initially charged generally on the presumption of innocence and the state's burden of proving guilt beyond a reasonable doubt.

The jury, after several hours of deliberation, returned to the courtroom with an inquiry: "The question that the jury wishes to address the Court is, does the State have to prove the mental competence at the time of the offense . . . or does the defense have to prove he is mentally [in]competent?" The trial court then recharged, "I will just state to you again that the law provides: The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted. A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. Every person is presumed to be of sound mind and discretion, but the presumption may be rebutted." See the Court of Appeals opinion, supra, at p. 66.[1] The Court of Appeals

---

[1] "We point out that the usual charges on

stated: "In a criminal prosecution, due process requires the state to prove beyond a reasonable doubt every essential element of the crime charged. . . It is our view that a finding of insanity necessarily negates the essential element of criminal intent and that the State must therefore bear the burden of proving a defendant's sanity beyond a reasonable doubt." *Avery v. State,* supra, p. 66.

The law of Georgia is not that the burden rests on the state to prove sanity beyond a reasonable doubt. As we said in *Grace v. Hopper,* supra, p. 671: "These United States Supreme Court cases [Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975) and In re Winship, 397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1969)] persuade us that in order to comport with due process the prosecution must carry the burden of proving all critical essential elements of the crime charged against a defendant. *However, sanity has not been treated as a critical essential element of the offense which the prosecution is required to prove beyond a reasonable doubt.*" Leland v. Oregon, 343 U. S. 790 (72 SC 1002, 96 LE2d 1302) (1951); *McLendon v. State,* 205 Ga. 55 (52 SE2d 294) (1949); *Keener v. State,* 97 Ga. 388 (24 SE 28) (1895). Thus there is no error in failing to charge that the burden of proving sanity beyond a reasonable doubt is on the state.

However, if the court does charge that the state must prove the defendant's sanity beyond a reasonable doubt, it would be harmless error as such a charge would be beneficial to the defendant. *Coker v. State,* 234 Ga. 555 (216 SE2d 782) (1975). See *State v. Moore,* supra.

Since there are other enumerations urged by the defendant which were not treated by the Court of Appeals, the case is remanded for further consideration consistent with this opinion.

*Judgment reversed and remanded. All the Justices concur, except Hall, J., who concurs in the judgment only*

---

presumptions are not considered 'burden shifting' charges, nor are charges that such presumptions may be rebutted." *State v. Moore,* 237 Ga. 269, 270 (227 SE2d 241) (1976).

*and Gunter and Ingram, JJ., who dissent.*

Submitted September 20, 1976 — Decided November 3, 1976.

*Richard Bell, District Attorney, Calvin A. Leipold, Jr., Assistant District Attorney,* for appellant.
*Wynn Pelham,* for appellee.

Ingram, Justice, dissenting.

I disagree with the majority opinion in this case and would affirm the excellent opinion and correct judgment of the Court of Appeals. The whole case is put into proper perspective by focusing on the question asked of the judge by the foreman of the jury: "Does the state have to prove mental competence at the time of the offense ... or does the defense have to prove he is mentally incompetent?"

The effect of the answer supplied by the majority opinion to this question is that the presumption of sanity can be relied upon by the state all the way to conviction unless the defendant proves he is insane. This places the burden of proof squarely on the defendant and destroys the constitutional obligation of the state to prove criminal intent, an essential element of the crime.

The majority says that "sanity has not been treated as a critical essential element of the offense..." I agree the majority has not treated it as such. However, I still await some persuasive logic and reasoning supporting the majority's conclusion that criminal intent and insanity (inability to know right from wrong) can simultaneously occupy the same human mind.

I dissent. See *Grace v. State,* 231 Ga. 113, 119 (200 SE2d 248), and *Grace v. Hopper,* 234 Ga. 669, 682 (217 SE2d 267) (1975).

I am authorized to state that Justice Gunter joins in this dissent.