## 55648. BENNETT v. THE STATE.

BANKE, Judge.

The appellant was convicted of aggravated assault for shooting his sister-in-law. His sole defense was his alleged insanity at the time of the shooting.

1. The appellant made out a strong case for his lack of capacity to distinguish right from wrong at the time of the shooting. See Code Ann. § 26-702. In contrast, the state produced very little evidence bearing on the issue. However, the state did produce testimony that at the time of his arrest the appellant was coherent and acting normally, that he indicated that he understood his Miranda rights, and that he was able to recall the details of the incident. These facts, in conjunction with the continued presumption of sanity which accompanies a criminal defendant throughout his trial, were sufficient to support the jury's verdict. See *Durham v. State,* 239 Ga. 697 (1), 699 (238 SE2d 334) (1977). See also *State v. Avery,* 237 Ga. 865 (230 SE2d 301) (1976); *Potts v. State,* 241 Ga. 67 (13) (1978). Accordingly, it was not error to overrule the motion for new trial on the general grounds.

2. The trial judge did not err in refusing to charge on delusional compulsion (Code Ann. § 26-703) since there was no evidence to indicate that the appellant was acting under any delusion. *Teasley v. State,* 228 Ga. 107 (5) (184 SE2d 179) (1971). See also *Graham v. State,* 236 Ga. 378, 379-382 (223 SE2d 803) (1976).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED APRIL 3, 1978 — DECIDED JUNE 23, 1978.

*Surrett, Thompson, Bell, Choate & Walker, John C. Bell, Jr.,* for appellant.
*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.