## 57826. HOWARD v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for armed robbery. *Held:*

1. "A person shall not be found guilty of a crime, if at the time of the act, omission, or negligence constituting the crime, such person did not have mental capacity to distinguish between right and wrong in relation to such act, omission, or negligence." Code Ann. § 26-702 (Ga. L. 1968, pp. 1249, 1270). Unless the evidence demands a finding of not guilty by reason of insanity a jury verdict finding the defendant guilty will be sustained. *Ross v. State,* 217 Ga. 569 (124 SE2d 280); *Hulsey v. State,* 233 Ga. 261 (210 SE2d 797); *Godfrey v. State,* 243 Ga. 302 (253 SE2d 710). Here there was evidence from which the jury could have determined that the defendant was able to distinguish between right and wrong in relation to the acts for which he was charged. Hence, the verdict was not without evidence to support it.

2. Error is assigned on the failure to charge, without request, "on the legal principle that a presumption of insanity follows an insane person until overcome by competent evidence."

As held in *Carter v. State,* 225 Ga. 310, 311 (168 SE2d 158) unless there was a prior adjudication of insanity, the presumption existing at the time of the trial was sanity, rather than insanity. See Code Ann. § 26-606 (Ga. L. 1968, pp. 1249, 1270). Here no showing was made that the defendant had previously been adjudicated insane.

Moreover, "where the charge of the court includes instruction as to insanity but places the burden of proof as to each essential element of the crime, including intent, upon the state beyond a reasonable doubt, it is not error for the court not to instruct the jury specifically, absent a request, as to any burden of proof regarding sanity."

*Powell v. State,* 237 Ga. 490, 492 (228 SE2d 875).
*Judgment affirmed. Smith and Birdsong, JJ.,* concur.

SUBMITTED MAY 9, 1979 — DECIDED
JUNE 19, 1979.

*Horton J. Greene,* for appellant.
*M. Randall Peek, District Attorney, Michael M. Sheffield, Assistant District Attorney,* for appellee.