## 63131. BEASLEY v. THE STATE.

SHULMAN, Presiding Judge.

Edward Foster bled to death from a wound he received in a scuffle at the Blackshear-Vidalia high school football game. Appellant was charged with the murder of Foster and was convicted of voluntary manslaughter. He now appeals from the judgment of conviction entered on the verdict.

1. In his first enumeration of error, appellant raises the general grounds. At trial, appellant admitted that he had been involved in an altercation with the decedent, had pulled a knife, and had cut the decedent on the leg. There was evidence that it was from this wound, a cut six inches long and two inches deep (lacerating the femoral artery), that the victim died. This evidence authorized a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of voluntary manslaughter. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant maintains that the trial court erroneously denied his motion for a change of venue which was based upon the alleged prejudicial effect of pre-trial publicity. Several newspaper articles were submitted in support of the motion.

A motion for change of venue lies within the sound discretion of the trial judge. *Jarrell v. State,* 234 Ga. 410 (2) (216 SE2d 258). "The best test of jury impartiality is the examination of prospective jurors on voir dire. As was said in *Krist v. Caldwell,* 230 Ga. 536 (2) (198 SE2d 161): 'The test as to whether unfavorable newspaper publicity has so prejudiced a case against one accused of a crime that a fair trial cannot be had is whether the jurors summoned to try the case have formed fixed opinions as to the guilt or innocence of the accused from reading such unfavorable newspaper publicity. [Cit.]' In the case before us, the prospective jurors passed the test of impartiality. There was no error in overruling the motion for change of venue." *Jarrell,* supra, p. 416.

3. Appellant asks this court to adopt an American Bar Association standard which recommends the granting of the change of venue motion where "because of the dissemination of potentially prejudicial material, there is a reasonable likelihood that in the absence of such relief, a fair trial cannot be held." Even if we were inclined to adopt such a standard, we could not, since our Supreme Court specifically rejected it in *Mooney v. State,* 243 Ga. 373, 386 (254 SE2d 337).

4. In his next two enumerations of error, appellant complains that the trial court failed to give two requested charges verbatim. A comparison of the requested charges with those actually given

satisfies us that the charge as given covers substantially the same rules of law expressed in the requests and a new trial is not necessary. *Barron v. State,* 157 Ga. App. 186 (4) (276 SE2d 868). The trial court's usage of the word "may" instead of "ought" and "should" was not reversible error.

5. Appellant, citing *Holcomb v. State,* 130 Ga. App. 154 (202 SE2d 529), objects to the introduction of the pictures of the decedent inasmuch as the identity of the assailant and the cause of death were not in dispute. The dicta in *Holcomb* relied on by appellant was specifically disapproved by the Supreme Court in *Stevens v. State,* 242 Ga. 34 (5) (247 SE2d 838); and *Godfrey v. State,* 243 Ga. 302 (2) (253 SE2d 710). Since a criminal defendant in Georgia has no right to prevent the jury from seeing the victim's injuries, it was not error to admit the photographs. *Godfrey,* supra.

6. Lastly, appellant maintains that the trial court abused its discretion in failing to sentence him under the Georgia Youthful Offender Act of 1972 (Ga. L. 1972, p. 592, Code Ann. § 77-345 et seq.). Appellant's assertion is based upon the fact that the state did not present evidence that appellant would not benefit from treatment as a youthful offender.

Whether a defendant should be sentenced under the Act is an exercise of the trial judge's discretion. Code Ann. §§ 77-359 and 77-360. The Act does not place an affirmative duty on the state to present evidence to support a trial court's decision to forego sentencing a defendant as a youthful offender. The trial court, having presided over the accused's trial, was in an excellent position to determine from the evidence adduced whether the defendant would benefit from youthful offender treatment. Thus, testimony that appellant had been drinking, cursing, wagering, and carrying an offensive weapon is sufficient evidence to show that the trial court did not abuse its discretion when it failed to sentence appellant under the Youthful Offender Act. See also *Woods v. State,* 233 Ga. 347 (4) (211 SE2d 300).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 4, 1982—<br>REHEARING DENIED MARCH 19, 1982.

*Howard C. Kaufold, Jr.,* for appellant.
*C. Deen Strickland, District Attorney,* for appellee.