## 65029. SMITH v. THE STATE.

SOGNIER, Judge.

Armed robbery. Appellant contends the trial court erred (1) by denying his motion for a mistrial after the prosecuting attorney intentionally placed appellant's character in issue, and (2) by expressing its opinion to the jury that appellant's character had not been placed in issue by the prosecuting attorney's questions.

Appellant, Warren Smith, was tried jointly with a co-defendant, Randolph Howard. Howard, testifying on direct examination in his own behalf, denied making a statement to the police which placed both Howard and appellant at the scene of the robbery. The state impeached this testimony by having a police officer read Howard's prior written statement. Howard then testified again, stating that the reason he had denied making a written statement was because "I was kind of scared." On cross-examination of Howard by the prosecuting attorney, the following questions and answers were presented:

"Q . . . Now, are you afraid of Warren Smith?

A Well, he's got a good reputation.

Q What do you mean by that?

A Well, he is known to hurt folks.

Q Pardon me?

A He is known to hurt folks."

Appellant moved immediately for a mistrial on the ground that the question and answer placed appellant's character in issue when appellant had not done so. The motion was denied and the court gave the following instruction to the jury. "Now, Ladies and Gentlemen, if the response of this witness to the question as to whether he was afraid of the other Defendant tended to place the other Defendant's character in issue, you should disregard the answer and that tendency. In my opinion, it did not place the character in issue, but even if it did, you are to totally disregard the answer because it has no probative value and should not be held against the other Defendant." Appellant objected to the instruction on the ground that the judge's expression of his opinion was an improper comment on the evidence, and the objection was overruled.

1. There is no question that appellant's character was put in evidence by Howard's testimony, and as a general rule such testimony is prohibited. OCGA § 24-2-2 (Code Ann. § 38-202); *Boyd*

*v. State,* 146 Ga. App. 359, 361 (246 SE2d 396) (1978). However, Howard's testimony was relevant to explain why he had lied, and evidence material to a case is not inadmissible because it incidentally puts a defendant's character in issue. *Carroll v. State,* 155 Ga. App. 514, 515 (1) (271 SE2d 650) (1980); *Miller v. State,* 163 Ga. App. 889, 890 (3) (296 SE2d 182) (1982).

2. In regard to the trial court's cautionary instruction to the jury, OCGA § 17-8-55 (Code Ann. § 81-1104) provides, in pertinent part: "It is error for any judge in any criminal case, during its progress ... to express or intimate his opinion *as to what has or has not been proved or as to the guilt of the accused ...*" (Emphasis supplied.) It is clear that the judge's opinion that appellant's character had not been placed in evidence was not an expression of what had or had not been proved, nor was it an opinion as to the guilt of the accused. Thus, the statement was not error. See *Powell v. State,* 237 Ga. 490, 492 (3) (228 SE2d 875) (1976).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 8, 1983.

*Richard L. Hodge,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.