## 66276. McCLURE v. THE STATE.

DEEN, Presiding Judge.

William C. McClure was indicted for murder and convicted of voluntary manslaughter in the shooting death of George Anderson.

1. The trial court did not err in denying the motion to suppress. When the police officers arrived at McClure's home after the shooting, Mrs. McClure admitted them and during their investigation they asked her what had happened to the gun. She informed them that her husband had placed it in a nightstand in the bedroom. The officers asked her to get it, but she declined because she did not like to handle guns and stated that she preferred one of the officers get the gun. She then took them into the bedroom and showed them where it was located in an open drawer. A photograph was taken and the gun was removed. No other search of the home was conducted and nothing was removed from the house except the gun.

As permission to search was given by a third party who had common authority over the premises and its effects, the warrantless search was lawful. *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977); *Hall v. State,* 239 Ga. 832 (238 SE2d 912) (1977). There is nothing in the transcript to indicate that Mrs. McClure's consent was not freely and voluntarily given.

2. Photographs of the victim which showed his wounds were properly admitted into evidence. *Godfrey v. State,* 243 Ga. 302 (253 SE2d 710) (1979); *Beasley v. State,* 161 Ga. App. 737 (288 SE2d 759) (1982).

3. The verdict was supported by the evidence. On the day of the shooting McClure had spent the evening drinking and the victim arrived at his home sometime after 1:30 a.m. He arrived in his automobile which he parked some thirty feet from McClure's trailer and came up on the porch but did not attempt to go inside. He stated that he wanted to talk about his son, who had lived with the McClures for a short time. An argument ensued between the two men and McClure, who either had a gun on his person or went inside and got one, fired a shot in the air and ordered Anderson to leave. While walking back to his car, Anderson threatened to kill McClure and cursed at him. McClure apparently followed him because Anderson was shot in the head while sitting behind the steering wheel. The victim's blood alcohol level was .25% and McClure's was .14%. The victim did not have a weapon.

The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1983 —
REHEARING DENIED JUNE 9, 1983 — 

*Harry J. Fox, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney,* for appellee.